IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-3159-CV-S-ODS ) |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for supplemental security income. The Commissioner's decision is affirmed.

**I. STANDARD OF REVIEW**

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1971 and attended two years of college. R. at 15, 21, 36, 144. Plaintiff applied for supplemental security income on January 24, 2013, alleging a disability onset date of June 1, 1997. R. at 11, 144. He later amended his onset date to January 24, 2013. R. at 34-35, 160. Plaintiff's application was denied, and he requested a hearing. R. at 72-80, 87. On June 5, 2014, a hearing was held before Administrative Law Judge ("ALJ") Robert Lynch. R. at 29-71. On December 22, 2014, the ALJ issued his decision, finding Plaintiff was not disabled. R. at 11-23.

In reaching his decision, the ALJ found Plaintiff had the following severe impairments: lymphedema; obesity; and neck, back, and left shoulder pain. R. at 13. The ALJ determined Plaintiff had the residual functional capacity ("RFC") to "lift and carry up to 10 pounds occasionally and less weight more frequently, to sit 6 hours in an 8-hour workday, and to stand and/or walk 2 hours." R. at 15. Plaintiff requires the ability, while sitting, to make a positional change every forty-five minutes, defined as the opportunity to stand for no more than three minutes, while at the workstation and without being off-task. *Id.* Plaintiff can frequently use his upper extremities to reach, handle, and finger; can occasionally crouch, kneel, stoop, and climb ramps and stairs; but cannot balance or crawl. *Id.* Plaintiff "cannot use his left lower extremity to operate foot controls, and he must avoid concentrated exposure to extreme cold, extreme heat, extreme wetness, and extreme vibration, as well as any exposure to workplace hazards such as unprotected heights and dangerous moving machinery." *Id.* Based upon the RFC and the Vocational Expert's ("VE") testimony, the ALJ concluded Plaintiff could work as a credit card interviewer, copy examiner, and surveillance monitor. R. at 22.

## III. DISCUSSION

Plaintiff argues the ALJ's decision must be reversed because the ALJ's RFC was not properly formulated for two reasons. Doc. #7, at 14-27. First, the ALJ improperly discounted the opinions of Dr. Hoos and Dr. Miley for reasons that are not supported in the record. Second, the ALJ did not properly account for Plaintiff's self-reported limitations after discounting his testimony.

2

## A. Medical Opinions

Plaintiff claims the ALJ erred in affording little weight to the opinion of Plaintiff's treating hematologist, Dr. Hoos, and erred in affording some, but not substantial weight, to the opinion of the consultative examiner, Dr. Miley. Doc. #7, at 13-14.

### (1) Dr. Hoos

Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *See Anderson*, 696 F.3d at 793-94; *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); *Anderson*, 696 F.3d at 793.

In September 2013 and April 2014, Dr. Hoos opined Plaintiff was unable to perform sedentary work. R. at 395-96, 483-84. Dr. Hoos found Plaintiff could occasionally lift or carry ten pounds; frequently lift or carry less than ten pounds; stand and/or walk less than two hours[1] in an eight-hour workday; sit less than two hours in an eight-hour workday; must alternate sitting and standing; had limited use of lower extremities with regarding to pushing and pulling; could occasionally stoop; could never kneel,[2] climb, balance, crouch, or crawl; could occasionally[3] use his right and left arms and hands to reach, handle, finger, and feel; and had environmental limitations. *Id.*

The ALJ assigned little weight to Dr. Hoos's opinion because his opinion "was inconsistent with the objective medical evidence, clinical signs, and treatment offered…as well as the claimant's own alleged limitations." R. at 19. The ALJ cited, by

---

[1] In September 2013, Dr. Hoos stated Plaintiff could stand and/or walk less than four hours. R. at 395. Seven months later, Dr. Hoos found Plaintiff could stand and/or walk less than two hours. R. at 483. The Court listed the more severe restriction above.
[2] In September 2013, Dr. Hoos found Plaintiff could occasionally kneel. R. at 396. Dr. Hoos later changed his determination, finding Plaintiff should never kneel. R. at 484. The Court included the more severe limitation above.
[3] In September 2013, Dr. Hoos opined Plaintiff could frequently use his arms and hands to reach, handle, finger, and feel; however, in April 2014, Dr. Hoos's opinion changed, reflecting Plaintiff could occasionally use his arms and hands to reach, handle, finger, and feel. R. at 396, 484. Again, the Court listed the more severe limitation above.

3

way of example, Dr. Hoos opined Plaintiff had manipulative limitations, but Plaintiff did not allege difficulty using his hands, and Dr. Hoos's records do not reflect Plaintiff could only occasionally use his arms and hands to reach, handle, finger, and feel. R. at 175, 484. In determining Dr. Hoos's opinion should be afforded little weight, the ALJ also considered other evidence in the record, including, but not limited to, Plaintiff's self-reported daily activities. R. at 19. Additionally, Dr. Hoos's opinion was based largely on Plaintiff's self-reported symptoms, and due to the unreliability of Plaintiff's reported symptoms, the ALJ found Dr. Hoos's opinion should be afforded little weight. *Id.*

The Court reviewed the record and finds substantial evidence supports the ALJ's decision to discount the opinion of Dr. Hoos. The Court also finds the ALJ provided good reasons explaining the weight he afforded Dr. Hoos's opinion. Dr. Hoos's opinion was inconsistent with the medical evidence, including Dr. Hoos's records, and Plaintiff's self-reported activities. Additionally, Dr. Hoos's opinion was based, in large part, on Plaintiff's self-reported limitations, which, as discussed *infra*, are not entirely reliable. Thus, the Court affirms Defendant's decision in this respect.

### (2) Dr. Miley

In July 2014, Plaintiff underwent a consultative examination by Dr. Miley who provided a Medical Source Statement. R. at 522-35. Dr. Miley opined Plaintiff could lift up to ten pounds occasionally, but should never lift more than ten pounds. R. at 530. He found Plaintiff was unable to carry any amount of weight. *Id.* Dr. Miley determined Plaintiff could sit for thirty minutes at a time but was limited to sitting three hours in an eight-hour workday, could stand fifteen minutes at a time but was limited to standing one hour in an eight-hour workday, and could walk fifteen minutes at a time but was limited to walking one hour in an eight-hour workday. R. at 531. Dr. Miley concluded Plaintiff could occasionally reach with his hands and could frequently handle, finger, and feel. R. at 532. He decided Plaintiff could not operate foot controls with his left foot but could occasionally do so with his right foot. *Id.* Dr. Miley opined Plaintiff could never climb stairs, ramps, ladders, or scaffolds; and could never balance, stoop, kneel, crouch, and crawl. R. at 533. And Plaintiff had some environmental limitations. R. at 534.

4

The ALJ afforded some weight to Dr. Miley's opinion. R. at 20. The ALJ found Dr. Miley's opinion was based upon one examination of Plaintiff, the limitations set forth by Dr. Miley were based primarily on Plaintiff's self-reported symptoms, and the limitations set forth by Dr. Miley were not supported by Dr. Miley's clinical findings. R. at 20-21. For example, Dr. Miley assessed limitations with regard to Plaintiff's ability to reach but Dr. Miley's notes reflect Plaintiff had little to no difficulty using his arms during the examination. R. at 20, 525-26, 528, 532. The ALJ also discounted Dr. Miley's opinion that Plaintiff could not use his left foot to operate foot controls because it was contrary to evidence that Plaintiff drove a vehicle with "a standard, on the floor, shift." R. at 20-21, 532. Finally, the ALJ discounted Dr. Miley's opinion because it was contrary to Plaintiff's self-reported activities to his chiropractor. R. at 21.

The Court reviewed the record and finds substantial evidence supports the ALJ's decision to discount the opinion of Dr. Miley. The Court also finds the ALJ provided good reasons explaining the weight he afforded Dr. Miley's opinion. Dr. Miley's opinion is inconsistent with his medical findings and Plaintiff's self-reported activities, and instead, was based, in part, on Plaintiff's self-reported limitations and symptoms. Therefore, the Court affirms Defendant's decision in this respect.

### B. Plaintiff's Credibility

Plaintiff also contends the ALJ's RFC is deficient because the ALJ did not perform a proper credibility analysis. The familiar standard for analyzing a claimant's subjective complaints is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984):

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.
>
> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior

5

work record, and observations by third parties and treating and examining physicians relating to such matters as:

1. The claimant's daily activities;
2. the duration, frequency and intensity of the pain;
3. precipitating and aggravating factors;
4. dosage, effectiveness and side effects of medication;
5. functional restrictions.

The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Id.* at 1322. The ALJ "need not explicitly discuss each *Polaski* factor...[t]he ALJ need only acknowledge and consider those factors before discounting a claimant's subjective complaints." *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004) (citations omitted); *see also Samons v. Apfel*, 497 F.3d 813, 820 (8th Cir. 2007).

The ALJ properly analyzed Plaintiff's credibility. The ALJ found the objective medical evidence did not support the severity of Plaintiff's alleged symptoms or limitations. R. at 16. The ALJ noted Plaintiff regularly reported swelling and pain in his lower left extremity as well as pain in his neck, lower back, and shoulder, but the clinical signs were not consistent with his alleged symptoms. *Id.* In addition, the treatment sought by and offered to Plaintiff failed to support a finding that his impairments were as severe as he reported. R. at 17. Plaintiff has been hospitalized only once recently and although he complains about his lymphedema, he has not been prescribed any assistive devices, strong pain medication, physical therapy, pain management, or surgical intervention.

The ALJ also found Plaintiff's daily activities do not support his alleged limitations. *Id.* The ALJ noted the record was "replete" with notes of Plaintiff engaging in activities inconsistent with his alleged limitations. *Id.* When viewing his chiropractic records between 2012 and 2014, Plaintiff reported he did lots of heavy lifting, used a weed wacker for two hours, was in pain from "heavy lifting," carried his dog down to the creek, "doing heavy lifting again," "dug the hole to bury his dog" and used a "pickax for hours to get through all the rock," did "car covers at the laundromat," helped his father "move more big heavy lathes," helped "lift a lot of stuff from an auction," and cleared

6

railroad ties and telephone poles. R. at 356-57, 422, 428, 432, 446, 448, 470. The ALJ also observed Plaintiff had not performed significant work since his early twenties but did not apply for disability benefits until 2013. R. at 18. Yet, a 2012 record from Plaintiff's chiropractor reflects Plaintiff is employed and experiencing stress from work. R. at 18-19, 358. And evidence suggested Plaintiff had been operating an antique automobile restoration business. R. at 19.

The ALJ acknowledged and considered the *Polaski* factors. R. at 20. The ALJ is not required to discuss each factor in turn, but must merely consider the *Polaski* factors. *See Eichelberger*, 390 F.3d at 590. To the extent Plaintiff argues the medical evidence could support a decision contrary to the ALJ's, the Court will not substitute its judgment for that of the ALJ. *See Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003) (stating "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts."). The Court finds the ALJ did not err in analyzing Plaintiff's credibility.

## IV. CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision. Defendant's decision denying benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 6, 2017    UNITED STATES DISTRICT COURT